The following is the *mem.* of opinion:

" At the Special Term the proceedings of the commissioners in removing the relator from his office were affirmed and the writ of *certiorari* was quashed, with ten dollars costs. At the General Term the order of the Special Term was affirmed, with ten dollars costs and disbursements. By virtue of these two orders the relator became liable to pay upwards of twenty dollars, and payment of that sum can now be enforced against his estate. If the decisions below were wrong and the relator was improperly removed from office, and the orders below should be reversed, then upon their reversal the administratrix of the relator would be entitled to recover his salary during the time he was excluded from his office, or damages for such exclusion. Hence, both on account of such costs and the salary, she is interested in the appeal pending in this court. Until the decisions below have been reversed she cannot enforce payment of any salary or resist the payment of the costs which have been adjudged against her husband. (*People ex rel. Hatzel* v. *Hall,* 80 N. Y. 117, 127 ; *Nichols* v. *MacLean,* 101 id. 526.)

" In such a case we have no doubt of the power of the court to substitute the administratrix of the deceased relator. (*People* v. *Robinson,* 29 Barb. 77 ; *Hastings* v. *McKinley,* 8 How. Pr. 175.)

" The motion should be granted."

*Edward F. O'Dwyer* for motion.

*Almet F. Jenks* opposed.

*Per Curiam mem.* for granting motion.
All concur.
Motion granted.

---

JOHN McBRIDE, Respondent, *v.* RICHARD M. HOE et al., Appellants.

(Argued April 27, 1887; decided May 13, 1887.)

*Clark Brooks* and *James L. Bishop* for appellants.

*Charles Steckler* for responaent.

Agree to affirm; no opinion.

All concur, except RAPALLO and PECKHAM, JJ., not voting; and FINCH, J., absent.

Judgment affirmed.

---

JULIUS POLLOCK. Respondent, *v.* GOUVERNEUR MORRIS, Appellant.

The provision of the New York city consolidation act (§ 993, chap. 410, Laws of 1882), providing that where no ownership of land taken for a street is named in the report of the commissioners or the owners named cannot be found, "it shall be lawful" for the city to pay the award into the Supreme Court is for the city's benefit; it is one which it may adopt and plead as a defense, but to which it is not compelled to resort. Where, therefore, an action was brought in the Superior Court of said city against the city to recover an award, to which a claim was also made by a third person, and an order of interpleader was granted, substituting said third person as defendant in place of the city, and discharging the latter, upon its paying into the hands of the chamberlain to the credit of the action the amount of the award, with which order the city complied. *Held*, that the defendant so substituted could not attack the jurisdiction of the court because of said provision; and that the action was maintainable.

(Submitted April 27, 1887; decided May 13, 1887.)

THE following extract from the opinion in this action contains a statement of the only material question discussed:

"The action was brought in the Superior Court of the city of New York to recover an award for land taken in the opening of a street, and the city was the original defendant. A claim to the award was also made by Morris and an order of interpleader granted and entered substituting him as defendant and discharging the city upon its paying into the hands of the chamberlain to the credit of the action the amount of the award.

"The jurisdiction of the court was assailed upon the basis of a single provision of the statute. (Laws of 1882, chap.